JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Darlene Hughes, individ. and as p/n/g of C.M., a minor.

**DEFENDANTS**
United States of America d/b/a a/k/a and/or acting through the U.S. Dept. of Health & Human Services and Greater Philadelphia Health Action, Inc. c/o The Honorable Jeff Sessions, Atty. General

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James J. McEldrew, III, Esq./Thomas A. Dinan, Esq./Ian M. Bryson, Esq.
McEldrew Young, 123 S. Broad Street, Ste. 2250, Phila. PA 19109
215-545-8800

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☒ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☒ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.S. Section 1346(b)
Brief description of cause:
Medical malpractice committed by GPHA in Philadelphia, PA and its medical personnel and/or employees.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
Amt. in excess of $150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE Mark A. Kearney
DOCKET NUMBER 16-4421

DATE
03/16/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___938 E. Phil Elena St., Apt. B, Philadelphia, PA.___

Address of Defendant: ___950 Pennsylvania Avenue NW, Washington, DC 20530.___

Place of Accident, Incident or Transaction: ___Greater Phila. Health Action (GPHA), 5501 Woodland Ave., Phila. PA 19143.___
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☐

Does this case involve multidistrict litigation possibilities?     Yes☐   No☐
*RELATED CASE, IF ANY:*
Case Number: ___No. 16-4421___   Judge ___Mark A. Kearney___   Date Terminated: ___8/26/2016___

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☒   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ___Federal Tort Claims Act_Medical Malpractice___

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, ___James J. McEldrew, III, Esq.___, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: ___March 16, 2017___          ___(signature)___          ___36411___
                          Attorney-at-Law          Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____          _____          _____
                          Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DARLENE HUGHES, individ. and as p/n/g of C.M. | : | CIVIL ACTION |
| v. | : | |
| UNITED STATES OF AMERICA d/b/a a/k/a and/or acting through the U.S. DEPT. OF HEALTH and HUMAN SERVICES and GREATER PHILADELPHIA HEALTH ACTION, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          (X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

| | | |
|---|---|---|
| | James J. McEldrew, III, Esq.<br>Thomas A. Dinan, Esq.<br>Ian M. Bryson, Esq. | Plaintiffs |
| March 16, 2017 | | |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-8800 | 215-545-8805 | tdinan@mceldrewyoung.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARLENE HUGHES, individually and as :
p/n/g of C.M., a minor, :
: Civil Action No.:_____
Plaintiff, :
:
v. :
: JURY TRIAL DEMANDED
UNITED STATES OF AMERICA d/b/a, :
a/ka/ and/or acting through the :
U.S. DEPARTMENT OF HEALTH AND :
HUMAN SERVICES and :
GREATER PHILADELPHIA HEALTH :
ACTION, INC., :
c/o The Honorable Jeff Sessions :
Attorney General :
United States Department of Justice :
950 Pennsylvania Avenue NW :
Washington, DC 20530 :
:
Defendant. :

## CIVIL ACTION COMPLAINT

Plaintiff, Darlene Hughes, individually and as p/n/g of C.M., a minor, by and through

their undersigned counsel, do hereby aver the following:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 28 U.S.C.S. § 1346(b), the Federal Tort Claims

Act, for medical malpractice committed by Greater Philadelphia Health Action, Inc., in

Philadelphia, PA and its medical personnel and/or employees.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims because

those claims arise out of the same nucleus of operative fact as her federal law claims.

1

3.      The venue in this district is proper pursuant to 32 C.F.R. § 750.32, as Plaintiff resides in Philadelphia, and the acts and omissions complained of occurred in Philadelphia.

## PARTIES

4.      Plaintiff, Darlene Hughes, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 938 E. Phil Elena Street, Apt. B, Philadelphia, PA 19150.

5.      Plaintiff, C.M., who is a minor with a date of birth of August 21, 2000, is a citizen of the Commonwealth of Pennsylvania who resides with her mother, Plaintiff Darlene Hughes, at 938 E. Phil Elena Street, Apt. B, Philadelphia, PA 19150.

6.      Defendant is the United States of America, for purposes of this action and for notice, and is located at the address listed in the caption.

7.      Defendant at all relevant times hereto acted by and through, and is liable for, its agencies, the U.S. Department of Health and Human Services and Greater Philadelphia Health Action, Inc.

8.      The U.S. Department of Health and Human Services is a federal agency that provides health care services and maintains a place of operation, headquarters, and/or business at 200 Independence Avenue, S.W., Washington, D.C. 20201.

9.      Greater Philadelphia Health Action (hereinafter "GPHA"), Inc., a/k/a, t/a, and/or d/b/a Woodland Avenue Health Center, is a federally funded health center receiving federal funding through the U.S. Department of Health and Human Services, which at all relevant times maintained offices and/or a place of business at 5501 Woodland Avenue, Philadelphia, PA 19143.

10.      At all times material, GPHA acted through its employees, agents, servants, and/or ostensible agents in providing medical care to the minor plaintiff, C.M., at the aforementioned

2

location. Its employees, acting in the scope of their federally funded employment, are deemed to be covered by the Federal Tort Claims Act.

11.     Chinedum Udenze-Utah, M.D. (hereinafter "Dr. Udenze-Utah") is a physician, who is upon information and belief was, at all relevant times, licensed to practice medicine in the Commonwealth of Pennsylvania, having a regular place of business at GHPA, 5501 Woodland Avenue, Philadelphia, PA 19143 who held herself out as a specialist in the field of pediatrics.

12.     At all times material, Dr. Udenze-Utah was the employee, servant, agent, and/or ostensible agent of GPHA and acting within the scope of her federally funded employment with GPHA.

13.     Annie Kotto, M.D. (hereinafter "Dr. Kotto") is a physician, who is upon information and belief was, at all relevant times, licensed to practice medicine in the Commonwealth of Pennsylvania, having a regular place of business at GHPA, 5501 Woodland Avenue, Philadelphia, PA 19143 who held herself out as a specialist in the field of pediatrics.

14.     At all times material, Dr. Kotto was the employee, servant, agent, and/or ostensible agent of GPHA and acting within the scope of her federally funded employment with GPHA.

## PROCEDURAL HISTORY

15.     On April 26, 2016, Plaintiff, Darlene Hughes, C.M.'s mother, in her individual capacity and as parent and natural guardian of C.M., initiated a Complaint in the Court of Common Pleas of Philadelphia County alleging C.M. suffered injuries as a result of negligent medical care provided by physicians employed by GPHA. The defendants named in the Complaint are GPHA and two of its physicians, Dr. Chinedum Udenze-Utah, and Dr. Annie Kotto.

3

16.    After becoming aware of the Complaint, Defendants removed the action to Federal court on August 12, 2016.

17.    On August 18, 2016, Defendants moved to dismiss the Complaint due to Plaintiff's failure to exhaust administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 2675(a).

18.    On August 26, 2016, the Court entered an Order Dismissing Without Prejudice Plaintiff's Complaint and Denying Defendant's Motion to Dismiss.

19.    On or about September 6, 2016, Plaintiff filed a claim for Damage, Injury or Death (Standard Form 95) with the U.S. Department of Health and Human Services (hereinafter referred to as "the Department").

20.    Said form alleged that C.M. suffered injuries as a result of negligent medical care provided by physicians employed by GPHA.

21.    The Department acknowledged receipt of the claim on or about September 22, 2016.

22.    Plaintiffs complied with all requests of the Department for information in support of their claims.

23.    The claims did not resolve within six (6) months after the administrative tort claim was filed.

24.    On or about December 22, 2016, Plaintiff's Counsel was informed by the Department that Plaintiffs may deem the claim denied and proceed to court.

## SUBSTANTIVE ALLEGATIONS

25.    C.M., who is a minor with a date of birth of August 21, 2000, is the biological child of Phillip Mack and Darlene Hughes.

4

26.    C.M. became a patient of GPHA in September 2000 and was seen for routine wellness visits.

27.    In approximately March 2007, C.M.'s biological parents became separated and lived in different residences.

28.    At or about that time, C.M. was residing with her mother as her primary caregiver.

29.    C.M. would spend weekends with her biological father, Phillip Mack.

30.    On March 2, 2011, at the age of 10 ½, C.M. presented to the GPHA center and was seen by Dr. Udenze-Utah, at which time C.M.'s mother reported that she was concerned that C.M. was being sexually abused by her father while visiting him on weekends.

31.    Despite being placed on actual and/or constructive notice of C.M., a minor, being sexually abused, Dr. Udenze-Utah performed no further investigation into the allegations, failed to report the allegations to the proper City and/or State authorities, failed to gather and preserve evidence using a sexual assault kit, failed to send C.M. to the appropriate sexual assault professionals for investigation, and failed to file a formal report of suspected child abuse pursuant to Pennsylvania's Child Protective Services Law—Title 23 P.A. C.S.A. Chapter 63.

32.    On March 2, 2011, Dr. Udenze-Utah failed to generate and implement a course of medical treatment to rule out that C.M., a minor, was a victim of sexual abuse at the hands of her biological father.

33.    On March 2, 2011, Dr. Udenze-Utah assured C.M.'s mother that there was no evidence of sexual abuse.

34.    On April 7, 2011, C.M. presented to GPHA and was seen by Dr. Kotto.

35.     On April 7, 2011, C.M., a minor, was complaining of vaginal itch and discharge. Further, it was reported that C.M. was waking up in the middle of the night complaining of vaginal itch, vaginal discharge, and burning on urination.

36.     During the April 7, 2011 visit, Dr. Kotto was on actual notice of the allegations of sexual abuse as it was reported at the March 2, 2011 visit and contained in C.M.'s chart, yet these entries in C.M.'s chart were not reviewed and/or correlated to the present allegations of abuse by Dr. Kotto, and Dr. Kotto failed to ascertain whether C.M. was being sexually assaulted.

37.     Despite being placed on actual and/or constructive notice of C.M., a minor, being sexually abused, Dr. Annie Kotto performed no further investigation into the allegations, failed to report the allegations to the proper City and/or State authorities, failed to collect and preserve evidence using a sexual assault kit, failed to send C.M., a minor to the appropriate sexual assault professionals for investigation and failed to file a formal report of suspected child abuse pursuant to Pennsylvania's Child Protective Service Law –Title 23 P.A. C.S.A Chapter 63.

38.     On the April, 7, 2011 visit, Dr. Annie Kotto assured C.M.'s mother that there was no evidence of sexual abuse.

39.     On both March 2, 2011 and April 7, 2011, Defendants failed to generate and implement a course of medical treatment to rule out that C.M. was a victim of sexual abuse at the hands of her biological father, failed to perform a rape kit and/or send C.M., a minor, to appropriate sexual assault professionals

40.     On both March 2, 2011 and April 7, 2011, Plaintiff, Darlene Hughes relied upon Defendants to protect her child, Plaintiff, C.M., a minor, and take proper action to safeguard C.M..

41.     On both March 2, 2011 and April 7, 2011, due to Defendants' assurances that C.M.'s complaints of vaginal itching and/or burning and vaginal discharge were not caused by sexual assault, C.M.'s mother, Darlene Hughes continued to allow her daughter to visit with her biological father, Phillip Mack.

42.     On October 15, 2012, C.M., a minor reported to her mother, that she was being molested by her biological father, Phillip Mack and was taken to The Children's Hospital of Philadelphia for evaluation and treatment for sexual assault.

43.     Medical providers at The Children's Hospital of Philadelphia generated a formal report of suspected child abuse pursuant to Pennsylvania's Child Protective Service Law –Title 23 P.A. C.S.A Chapter 63.

44.     Phillip Mack was arrested on November 28, 2012 for suspected sexual assault/child molestation of C.M., a minor.

45.     On December 15, 2014, Phillip Mack pled nolo contendere to 1st Degree Felony rape of a child 8-16 years old and was sentenced to the Commonwealth of Pennsylvania Department of Corrections for 15 years.

46.     On March 25, 2013, C.M., then 12 years old, was admitted to Fairmount Behavioral Health with Post Traumatic Stress Disorder with suicidal ideation, severe depression, flashbacks of the repeated assaults and anxiety. C.M. was kept for inpatient observation until April 5, 2013.

47.     On May 24, 2014, C.M., then 13 years old, was admitted to Belmont Behavioral Health with Post Traumatic Stress Disorder with suicidal ideation, severe depression, flashbacks of the repeated assaults and anxiety. C.M. was kept for inpatient observation until June 3, 2014.

48.     C.M. is currently undergoing psychological treatment and is medicating with various anti-anxiety and/or anti-depressant medications.

## COUNT 1

### PLAINTIFFS v. UNITED STATES OF AMERICA d/b/a, a/k/a and/or ACTING THROUGH THE DEPARTMENT OF HEALTH AND HUMAN SERVICES and GREATER PHILADELPHIA HEALTH ACTION, INC. – NEGLIGENCE

49.     Plaintiffs incorporate all previous paragraphs by reference as if fully set forth herein.

50.     At all relevant times, Defendants United States of America, d/b/a, a/k/a and/or acting or failing to act through the Department of Health and Human Services and Greater Philadelphia Health Action, Inc. (GPHA), acted and/or failed to act by and through its duly authorized agents, ostensible agents, servants, officers, and/or employees, including but not limited to, Chinedum Udenze-Utah, M.D. and Annie Kotto, M.D., who were at all times material acting within the scope and course of their federally funded employment, agency, and/or authority.

51.     At all times material hereto, Dr. Udenze-Utah and Dr. Annie Kotto had a duty to care for and treat C.M., a minor, in accordance with accepted standards of medical care and treatment.

52.     At all times material hereto, the negligence of the United States of America, acting or failing to act through the Department of Health and Human Services and Greater Philadelphia Health Action, Inc. (GPHA), by and through its duly authorized agents, ostensible agents, servants, officers, and/or employees, including but not limited to, Chinedum Udenze-Utah, M.D. and Annie Kotto, M.D., who were at all times material acting within the scope and

course of their federally funded employment, agency, and/or authority, consisted of the

following:

    a.       failing to properly assess C.M., a minor;

    b.       failing to properly diagnose C.M., a minor;

    c.       failing to take proper steps to ensure C.M., a minor's safety;

    d.       failing to recommend an appropriate course of treatment for C.M., a minor;

    e.       failing to perform further investigation into the allegations of sexual abuse;

    f.       failing to report the allegations to the proper City and/or State authorities;

    g.       failing to collect and preserve evidence of sexual assault by administering a sexual assault kit on C.M., a minor;

    h.       failing to refer C.M., a minor, a sexual assault counselor for investigation;

    i.       failing to file a formal report of suspected child abuse pursuant to Pennsylvania's Child Protective Service Law –Title 23 P.A. C.S.A Chapter 63;

    j.       failing to order that C.M., a minor shall not have unsupervised contact with her father after the abuse was reported;

    k.       negligently assuring C.M.'s mother that there was no evidence of sexual abuse;

    l.       failing to adhere to the express policies and protocols of the Department of Health and Human Services;

    m.       failing to adhere to the express policies and protocols of GPHA;

    n.       failing to adopt and implement appropriate policies, protocols, and procedures for the treatment of patients at GPHA;

    o.       failing to appropriately, accurately, and timely document and complete C.M.'s allegations of sexual abuse in her medical chart;

p.     failing to select and retain competent physicians to evaluate and treat
       C.M.;

q.     failing to formulate, adopt, and enforce adequate rules, policies, and
       procedures to ensure quality care for patients, including C.M.;

r.     failing to maintain accurate medical records; and

s.     failing to properly correlate the allegations of sexual abuse from the
       March 2, 2011 visit on April 7, 2011.

53.    As a direct and proximate result of Defendant's aforementioned conduct, C.M.
continued to suffered severe, painful and/or permanent bodily injuries, including but not limited
to repeated sexual assault until the abuse was reported on October 15, 2012, Post-Traumatic
Stress Disorder with suicidal ideation, severe depression, flashbacks of the repeated assaults and
anxiety.

54.    As a direct and proximate result of Defendant's aforementioned conduct, C.M. is
forced to incur medical expenses and these expenses will accrue in the future.

55.    As a direct and proximate result of Defendant's aforementioned conduct, C.M.
will experience a loss of future earning capacity.

56.    As a direct and proximate result of Defendant's aforementioned conduct, C.M.
has suffered significant physical and mental pain and suffering, anguish, inconvenience, loss of
life's pleasures, has been admitted for inpatient, emergent psychological treatment and will
continue to suffer into the future.

WHEREFORE, Plaintiffs demand judgment against Defendant in an amount in excess of
One Hundred and Fifty Thousand ($150,000.00) Dollars together with interest, costs,
compensatory damages, punitive damages, and any other relief this Honorable Court deems fit to
award.

10

Respectfully submitted,

**McELDREW YOUNG**

James J. McEldrew, III, Esquire
Thomas A. Dinan, Esquire
Atty ID #: 91544
123 S. Broad St., Suite 2250
Philadelphia, PA 19109
(P) 215-545-8800
(F) 215-545-8805
tdinan@mceldrewyoung.com
Attorneys for Plaintiffs

Dated: 3|16|17

11

## <u>VERIFICATION</u>

I, Darlene Hughes_____, hereby verify that I am the Plaintiff herein and
that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge,
information and belief.  I understand that false statements herein are made subject to the
penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Darlene Hughes P/N/G
Candance
minor

Date: 3/16/17

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

......................................................................

DARLENE HUGHES, individually and as :
p/n/g of C.M., a minor, :
: Civil Action No.:_____
Plaintiff, :
:
:
v. :
: JURY TRIAL DEMANDED
:
UNITED STATES OF AMERICA d/b/a, :
a/ka/ and/or acting through the :
U.S. DEPARTMENT OF HEALTH AND :
HUMAN SERVICES and :
GREATER PHILADELPHIA HEALTH :
ACTION, INC., :
c/o The Honorable Jeff Sessions :
Attorney General :
United States Department of Justice :
950 Pennsylvania Avenue NW :
Washington, DC 20530 :
:
Defendant. :
......................................................................

## CERTIFICATE OF MERIT AS TO DEFENDANT, GREATER PHILADELPHIA HEALTH ACTION, INC. a/k/a, t/a and/or d/b/a WOODLAND AVENUE HEALTH CENTER

I, James J. McEldrew, III, Esquire, Thomas A. Dinan, Esquire and Ian M. Bryson, Esquire, certify that:

☑ An appropriate licensed professional had supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable standards and that such conduct was a factual cause and/or increased the risk of harm sustained by the plaintiffs;

AND

☑ The claim that this defendant deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell

outside acceptable professional standards and that such conduct was a factual cause and/or increased the risk of harm sustained by the plaintiffs;

      OR

☐  Expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against the defendant.


               **McELDREW YOUNG**

By: _____
          JAMES J. McELDREW, III, ESQUIRE
          THOMAS A. DINAN, ESQUIRE
          IAN M. BRYSON, ESQUIRE
          Attorneys for Plaintiffs

Dated: <u>March 16, 2017</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

.................................................................
DARLENE HUGHES, individually and as   :
p/n/g of C.M., a minor,               :
                                      :     Civil Action No.:_____
            Plaintiff,                :
                                      :
                                      :
      v.                              :
                                      :     JURY TRIAL DEMANDED
UNITED STATES OF AMERICA d/b/a,       :
a/ka/ and/or acting through the       :
U.S. DEPARTMENT OF HEALTH AND         :
HUMAN SERVICES and                    :
GREATER PHILADELPHIA HEALTH           :
ACTION, INC.,                         :
c/o The Honorable Jeff Sessions       :
Attorney General                      :
United States Department of Justice   :
950 Pennsylvania Avenue NW            :
Washington, DC 20530                  :
                                      :
            Defendant.                :
.................................................................:

## CERTIFICATE OF MERIT AS TO DEFENDANT, CHINEDUM UDENZE-UTAH, M.D.

I, James J. McEldrew, III, Esquire, Thomas A. Dinan, Esquire and Ian M. Bryson, Esquire, certify that:

☑ An appropriate licensed professional had supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable standards and that such conduct was a factual cause and/or increased the risk of harm sustained by the plaintiffs;

AND

☑ The claim that this defendant deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell

outside acceptable professional standards and that such conduct was a factual cause and/or increased the risk of harm sustained by the plaintiffs;

OR

❑ Expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against the defendant.

**McELDREW YOUNG**

By: _____
     JAMES J. McELDREW, III, ESQUIRE
     THOMAS A. DINAN, ESQUIRE
     IAN M. BRYSON, ESQUIRE
     Attorneys for Plaintiffs

Dated: <u>March 16, 2017</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

.........................................................................
DARLENE HUGHES, individually and as    :
p/n/g of C.M., a minor,                :
                                       :        Civil Action No.:_____
                 Plaintiff,            :
                                       :
                                       :
         v.                            :
                                       :
                                       :        JURY TRIAL DEMANDED
UNITED STATES OF AMERICA d/b/a,        :
a/ka/ and/or acting through the        :
U.S. DEPARTMENT OF HEALTH AND          :
HUMAN SERVICES and                     :
GREATER PHILADELPHIA HEALTH            :
ACTION, INC.,                          :
c/o The Honorable Jeff Sessions        :
Attorney General                       :
United States Department of Justice    :
950 Pennsylvania Avenue NW             :
Washington, DC 20530                   :
                                       :
                 Defendant.            :
.........................................................................:

## CERTIFICATE OF MERIT AS TO DEFENDANT, ANNIE KOTTO, M.D.

I, James J. McEldrew, III, Esquire, Thomas A. Dinan, Esquire and Ian M. Bryson certify that:

☑ An appropriate licensed professional had supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable standards and that such conduct was a factual cause and/or increased the risk of harm sustained by the plaintiffs;

AND

☑ The claim that this defendant deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell

outside acceptable professional standards and that such conduct was a factual cause and/or increased the risk of harm sustained by the plaintiffs;

OR

❑ Expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against the defendant.

McELDREW YOUNG

By: _____
JAMES J. McELDREW, III, ESQUIRE
THOMAS A. DINAN, ESQUIRE
IAN M. BRYSON, ESQUIRE
Attorneys for Plaintiffs

Dated: March 16, 2017